UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

LAUREL A. MARSHALL,

                           Plaintiff,            **ORDER ADOPTING REPORT**
   -against-                                    **AND RECOMMENDATION**
                                                     11-CV-2686 (PKC) (RML)

KINGSBOROUGH COMMUNITY COLLEGE
OF C.U.N.Y., STUART SCHULMAN, in his
Individual and official capacities, and
JOHN/JANE DOES 1-10,

                           Defendants.

----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Laura A. Marshall ("Plaintiff") initiated this action on June 3, 2011 against her employer, Kingsborough Community College ("KCC"), Stuart Schulman ("Schulman"), and others (collectively, "Defendants"[1]), alleging discrimination, hostile work environment, and retaliation. On June 20, 2014, Defendants moved for summary judgment seeking dismissal of the complaint. Though voluntarily withdrawing her Title VI, Section 1983 and Section 1981 claims, Plaintiff otherwise opposed Defendants' motion. This matter was referred to the Honorable Robert M. Levy for a Report, pursuant to 28 U.S.C. § 636(b).

---

[1] There has been some confusion regarding Schulman's legal representation in this matter. (*See* Report and Recommendation ("Report") at 1, n. 1 (noting that although served, Schulman had not appeared as of the oral argument on April 7, 2015, and noting KCC counsel's reiteration at oral argument that he did not represent Schulman). However, by letter dated July 30, 2015, KCC's counsel, Christopher Bouriat, Esq., advised the Court that his office, the New York City Law Department, now represents all Defendants in this case, including Schulman, and that notices of appearance have been filed on behalf of all Defendants. (Dkt. 53.) Defendants also requested that the Court deem the summary judgment motion filed by KCC to include Schulman as a movant. (*Id.*) That request is granted.

On July 7, 2015, following oral argument on the motion on April 7, 2015, Judge Levy issued the Report, in which he recommended, in sum, that the Court grant summary judgment in Defendants' favor on Plaintiff's failure to promote and retaliation claims, and deny summary judgment on Plaintiff's hostile work environment claims. (Report at 26.) On August 10, 2015, Plaintiff timely filed her objection to the Report. (Plaintiff's Partial Objection to Magistrate Judge Levy's Report and Recommendation ("Pl. Obj."), Dkt. 54.) Defendants timely responded to Plaintiff's objection on August 17, 2015. (Dkt. 55.)

Plaintiff's lone objection to the Report relates to Judge Levy's recommendation that Plaintiff's retaliation claims be dismissed. (Pl. Obj. at 1.) Plaintiff maintains – and indeed, it is undisputed – that Defendants did not reference or make any argument in their summary judgment motion regarding Plaintiff's retaliation claim, and that Judge Levy *sua sponte* raised Plaintiff's retaliation claim at oral argument.[2] (*Id.* at 3.) Plaintiff argues that the Court should overrule Judge Levy's recommendation to dismiss Plaintiff's retaliation claims because Defendants did not, in fact, move to dismiss them, and Plaintiff therefore had no opportunity to brief this issue before the oral argument before Judge Levy. (*Id.* at 1.)

For the reasons set forth below, the Court adopts Judge Levy's Report in its entirety, except as to Plaintiff's retaliation claim. The Court reserves decision on Plaintiff's objection regarding that claim pending Plaintiff's filing of the submission described herein.

---

[2] The Court notes, however, that even though Judge Levy questioned the parties about Plaintiff's claims at oral argument, the complaint in this matter does not contain any retaliation claims or even reference Plaintiff's 2009 EEOC complaint upon which her retaliation claims are purportedly based. This fact could perhaps explain why Defendants failed to address retaliation in their summary judgment motion.

## I. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "After reviewing the report and recommendation, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'" *O'Diah v. Mawhir*, No. 08 Civ. 322, 2011 WL 933846, at *2 (N.D.N.Y. Mar. 16, 2011) (quoting 28 U.S.C. § 636(b)(1)(C)).

## II. ANALYSIS

Plaintiff asks the Court to reject Judge Levy's recommendation to dismiss Plaintiff's retaliation claims because Plaintiff did not have the opportunity to address these claims prior to oral argument before Judge Levy. (Pl. Obj. at 3.) Tellingly, however, Plaintiff does not, and cannot, argue that she did not have the opportunity to supplement her summary judgment submission with respect to her retaliation claims before Judge Levy issued his Report four months later or as part of her objections to the Report. Indeed, despite being on notice after the April 7, 2015 oral argument that her retaliation claims could be dismissed, Plaintiff never sought leave to supplement her summary judgment submission, nor did she seek to do so after receiving the Report, in which Judge Levy recommended the dismissal of her retaliation claims.

In support of her request to disregard Judge Levy's recommendation, Plaintiff relies on cases in which courts have denied motions where the moving party failed to submit a supporting memorandum of law or belatedly raised an argument for the first time. (Pl. Obj. at 5.) Plaintiff also cites cases in which courts have observed that it is not the court's responsibility to make the party's case for them. *See, e.g., Scott v. City of New York Dept. of Correction*, 641 F. Supp. 2d 211, 219 (S.D.N.Y. 2009) (noting that, where plaintiff in a gender discrimination case, failed to cite to evidence to create an issue of fact to defeat summary judgment, it was not the court's responsibility to "scour the record looking for factual disputes") (internal quotation omitted). These cases are plainly inapposite. In particular, the court's observation in *Scott* that the Court has no duty to make a party's case for it is a far cry from holding that the Court does not have the authority to spontaneously resolve issues in a case.

As Defendants correctly note, the Court has the discretion to grant summary judgment *sua sponte*, so long as "the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (internal quotation marks omitted). In *Celotex*, the Supreme Court observed that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." 477 U.S. at 326.

In *Ramsey v. Coughlin*, 94 F.3d 71 (2d Cir. 1996), the Second Circuit explained the safeguards that district courts must observe with respect to *sua sponte* grants of summary judgment:

> Before granting summary judgment *sua sponte*, the district court must assure itself that following the procedures set out in Rule 56 would not alter the

outcome. Discovery must either have been completed, or it must be clear that further discovery would be of no benefit. The record must, therefore, reflect the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment.

*Id*. at 74; *see Bridgeway v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000).

Here, Plaintiff has had ample notice and opportunity to supplement her summary judgment submission with evidence demonstrating a factual issue with respect to her retaliation claims, but has not done so in the four-and-a-half months since the oral argument. Furthermore, Plaintiff has presented nothing, not even by way of proffer, to suggest that she has evidence not already identified in the summary judgment briefing that would create an issue of fact as to her retaliation claims. Indeed, given that the gravamen of her retaliation and discrimination claims is the same, *i.e.*, that she was not promoted, it is unlikely that Plaintiff has any additional evidence to bring to bear on her retaliation claims. Finally, discovery was completed over two years ago, so there is no argument that Plaintiff needs more to time to obtain the necessary evidence.

Nonetheless, out of an abundance of caution, the Court will permit Plaintiff thirty (30) days from the date of this Memorandum and Order, to identify and describe, by letter submission, additional evidence it would offer to "meet the proposition that there is no genuine issue of material fact to be tried." *Priestley*, 647 F.3d at 504 (quoting *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005)). Based on this submission, the Court will determine whether additional summary judgment briefing regarding Plaintiff's retaliation claims is warranted. Plaintiff will also identify where in her complaint or elsewhere in this matter she alleges retaliation.

**CONCLUSION**

Accordingly, for the reasons set forth in the Report, the Court grants summary judgment in Defendants' favor on Plaintiff's failure to promote claims, which are dismissed, and denies summary judgment on Plaintiff's hostile work environment claims. The Court reserves decision regarding the recommendation to dismiss Plaintiff's retaliation claims pending Plaintiff's supplemental submission, which is due thirty (30) days from the date of this Memorandum and Order.

SO ORDERED:

/s/
PAMELA K. CHEN
United States District Judge

Dated: September 30, 2015
      Brooklyn, New York